UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES ROBINSON,<br><br>              Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE SPECIAL COMMITMENT CENTER CHIEF MEDICAL DIRECTOR, DR. LESLIE SZIEBERT; WASHINGTON STATE SPECIAL COMMITMENT CENTER, GALINA DIXON, ARNP, and JOHN DOES 1-25 and JANE DOES 1-25,<br><br>              Defendants. | CASE NO. 3:15-CV-05555-RJB-DWC<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH ADDRESSES |

    Plaintiff, a Washington State civilly-committed detainee proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2015. Dkt. 1.[1] On November 27,

---

[1] Plaintiff previously filed this action in conjunction with three other civilly-committed detainees. Based upon the allegations in the complaint, the Court determined Plaintiffs' claims did not satisfy the requirements for permissive joinder articulated in Federal Rules of Civil Procedure 20 and 21. *See Mitchell, et. al., v. State of Washington et al.*, 3:15-cv-05226-RBL-DWC, Dkt. 5, 8 (W.D. Wash. 2015). The Court entered an order separating the claims of the four

1    2015, Plaintiff filed a Motion requesting the Court serve a summons and a copy of his complaint

2    on Defendant Galina Dixon, ARNP.  Dkt. 16. However, Plaintiff also names John Does 1-25 and

3    Jane Does 1-25 ("Doe defendants") as defendants in this action. The use of "John Doe" to

4    identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

5    Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of

6    unknown defendants through discovery, the use of Doe defendants is problematic because those

7    persons cannot be served with process until they are identified by their real names.[2]

8        Plaintiff is ordered to provide the names and addresses of the Doe defendants within 30

9    days of the date of this order. If Plaintiff is unable to provide the Court with names and addresses

10   of the Doe defendants in that timeframe, the Court will recommend dismissal of the Doe

11   defendants from the case without prejudice.

12       Dated this 14th day of December, 2015.

*[signature]*
David W. Christel
United States Magistrate Judge

---

Plaintiffs, ordering Plaintiff Mitchell to file an amended complaint addressing only his individual claims, and dismissing the other Plaintiffs from the action without prejudice. *Id*.

[2] Also, though Plaintiff lists the Doe defendants in the case caption, they are otherwise unmentioned in the complaint or named in Plaintiff's causes of action.  If Plaintiff is able to identify additional defendants and claims through discovery, he may be allowed to amend his complaint to add those defendants and claims at that time.

- 2