UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES ROBINSON,

    Plaintiff,

v.

WASHINGTON STATE SPECIAL COMMITMENT CENTER CHIEF MEDICAL DIRECTOR, DR. LESLIE SZIEBERT; WASHINGTON STATE SPECIAL COMMITMENT CENTER GALINA DIXON, ARNP,

    Defendants.

CASE NO. 3:15-CV-05555-RJB-DWC

REPORT AND RECOMMENDATION ON DEFENDANT DIXON'S MOTION TO DISMISS

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is a motion filed by Defendant Galina Dixon, requesting the Court dismiss Plaintiff's claims against Defendant Dixon with prejudice. Dkt. 38.

Plaintiff filed this action against Defendants Dixon and Leslie Sziebert, as well as fifty unnamed "Doe" Defendants, on August 6, 2015. Dkt. 1, 6. Defendant Dixon then moved to dismiss all claims against her with prejudice. Dkt. 28. The Court granted Defendant Dixon's

motion to dismiss without prejudice, and gave Plaintiff leave to amend his complaint to state a claim against Defendant Dixon on or before July 18, 2016. Dkt. 33, 37. Plaintiff subsequently prepared an amended complaint and sent it to the Court via U.S. Mail on July 18, 2016. Dkt. 39. Plaintiff also filed two certificates of service, reflecting Plaintiff served the amended complaint via U.S. Mail on Defendant Dixon's attorney and on the Washington State Office of the Attorney General, on July 18, 2016. Dkt. 39, Exh. 2. Due to the fact the amended complaint was mailed on July 18, 2016, the Court did not receive and docket Plaintiff's amended complaint until July 21, 2016. Dkt. 39.

On July 19, 2016, Defendant Dixon filed a second motion to dismiss, again asking the Court to dismiss Plaintiff's claims with prejudice due to Plaintiff's failure to timely file an amended complaint. Dkt. 38. Defendant Dixon's motion is dated after Plaintiff's amended complaint, but was filed before any of the parties or the Court had received Plaintiff's amended complaint. Dkt. 38. However, Plaintiff's service of the amended complaint was timely under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(b)(2)(C); 6(d) (adding three days to the computation of time under Rule 6(a) when service is made by mail).

In light of this Court's prior order granting Plaintiff leave to file an amended complaint by July 18, 2016, and in light of Plaintiff mailing his amended complaint on July 18, 2016, Defendant Dixon's second motion to dismiss should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2  August 19, 2016, as noted in the caption.

3      Dated this 27th day of July, 2016.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
DEFENDANT DIXON'S MOTION TO DISMISS -
3