UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES ROBINSON,

    Plaintiff,

v.

LESLIE SZIEBERT,

    Defendant.

CASE NO. 3:15-CV-05555-RJB-DWC

ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY AND ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's Motion for Extension of Time (Dkt. 56) and Plaintiff's Motion to Compel Discovery (Dkt. 57).

### I.    Motion to Compel Discovery

Plaintiff is a civilly-committed detainee at the Washington State Special Commitment Center ("SCC"). Dkt. 6, p. 1, ¶ 8.2. As Plaintiff is involuntarily committed at the SCC, Plaintiff is unable to leave the confines of the SCC to conduct discovery. Plaintiff alleges he is unable to afford a court reporter to transcribe any depositions. Dkt. 57, p. 3. Plaintiff also alleges he is

unable to record the audio from any deposition he were to take, as SCC residents are prohibited from owning or otherwise having access to audio recording devices. Dkt. 57, p. 3. Plaintiff has moved for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure: 1) requesting to depose Defendant Leslie Sziebert and non-party Galina Dixon;[1] and 2) "grant[ing] permission" for Plaintiff to bring a recording device into the SCC in order to record the depositions of Defendant Sziebert and Dixon. Dkt. 57, p. 4.[2]

First, under Rule 37, a party may move to compel a deponent to answer a question, or to compel a party to attend their own deposition. Fed. R. Civ. P. 37(a)(3) & 37(d). But, Plaintiff attached a letter from Defendant Sziebert's counsel, Gregory G. Silvey, indicating he intended to "work with [Plaintiff] to schedule an agreeable time" to take Defendant Sziebert's deposition, and that Plaintiff had the obligation to make arrangements for the deposition in compliance with the Federal Rules of Civil Procedure. Dkt. 57, p. 17. As for Ms. Dixon, Plaintiff has offered no evidence whatsoever that Ms. Dixon is refusing to cooperate in the scheduling of her deposition, or otherwise refusing to attend a deposition for which she was properly subpoenaed.[3] To the extent Plaintiff is seeking to compel either Defendant Sziebert or Ms. Dixon to attend their own depositions, such a motion is premature.

---

[1] Galina Dixon, ARNP is a former defendant in this matter. Plaintiff's claims against her were dismissed without prejudice by order of the Court on October 27, 2016. Dkt. 55.

[2] Plaintiff indicates someone named David Dearinger is in possession of the recording devices, and is able to bring them to the SCC. David Dearinger is not a party to this case. Further, his relationship to the parties, his qualifications to be an impartial custodian of the tape recorders, his clearance to visit the SCC, and a host of other questions pertaining to his identity, fitness, and security are unanswered throughout Plaintiff's briefing. To the extent Plaintiff is asking the Court to permit Mr. Dearninger to enter onto SCC grounds, such a request is denied.

[3] Though Plaintiff indicates in his motion he would like to take the deposition of Ms. Dixon and Defendant Sziebert on November 30, 2016, Plaintiff does not provide any evidence he has noticed the depositions of either Ms. Dixon or Defendant Sziebert as he was required to do under Rule 30(b).

ORDER ON PLAINTIFF'S MOTION FOR AN
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND ON PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 2

Second, Plaintiff couches his request for a tape recorder as motion to compel discovery under Federal Rule of Civil Procedure 37(a)(2); however, Plaintiff's motion cannot properly be considered a motion to compel. Plaintiff is not requesting Defendant Sziebert or Ms. Dixon be compelled to disclose facts, produce discovery, or answer deposition questions. Instead, Plaintiff is requesting the Court compel a non-party (namely, the SCC itself) to alter its security protocols to permit Plaintiff to have access to a tape recorder on SCC grounds, so that he may comply with his obligations under Rule 30 to procure some form of transcription or recording of an oral deposition. Rule 37(a)(2) does not contemplate such relief, and Plaintiff has provided no authority to the Court suggesting otherwise.

In any event, Plaintiff has not demonstrated his proposed relief is necessary or even appropriate. Defendant Sziebert proposed at least one less-burdensome alternative to Plaintiff's requested relief: namely, Plaintiff may conduct the deposition via telephone, with the deponent and the recording device located outside of the SCC. *See* Fed. R. Civ. P. 30(b)(4)("the parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."). As Plaintiff indicates a tape recorder is *available*, just not *accessible* to Plaintiff while he is confined at the SCC (*see* Dkt. 57, p. 4), Defendant Sziebert's proposal would seem to adequately address Plaintiff's need to record depositions in compliance with Fed. R. Civ. P. 30.

Finally, Defendant Sziebert's proposed solution could have been achieved easily enough through a good faith effort to meet and confer on discovery matters. The Court notes Plaintiff did not indicate he had made arrangements for a tape recorder until he filed his motion to compel; for his part, Defendant Sziebert did not propose a telephonic deposition until he filed his

ORDER ON PLAINTIFF'S MOTION FOR AN
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND ON PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 3

1 response to Plaintiff's motion. *See* Dkt. 57, pp. 14, 17. In the future, the Court directs both

2 parties attempt a more robust discussion of discovery disputes prior to seeking judicial relief.

3       Accordingly, Plaintiff's Motion to Compel is denied.

4     **II.**    **Motion for Appointment of Counsel**

5       Plaintiff also seeks an order appointing counsel, or, in the alternative, stand-by counsel.

6 Dkt. 57, p. 4.

7       No constitutional right to appointed counsel exists in a Section 1983 action. *Storseth v.*

8 *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*

9 *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

10 discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

11 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

12 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

13 *grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the

14 Court must evaluate both "the likelihood of success on the merits [and] the ability of the

15 [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."

16 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718

17 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

18 of his case or the legal issues involved and an inadequate ability to articulate the factual basis of

19 his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

20       Here, Plaintiff argues counsel should be appointed for him due to the logistical

21 difficulties he has encountered in attempting to conduct and record depositions. But, Plaintiff has

22 not demonstrated this case involves complex facts or law. Further, a review of Plaintiff's

23 pleadings, motions, and other submissions in the record reflects Plaintiff understands the legal

24
ORDER ON PLAINTIFF'S MOTION FOR AN
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND ON PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 4

issues involved in his claim, and has been able to adequately articulate a factual basis for his claims. Accordingly, Plaintiff's Motion is denied without prejudice.

### III. Motion for an Extension of Time

Plaintiff requests the deadline for the completion of discovery be extended to February 1, 2017. Dkt. 56. Defendant Leslie Sziebert has no objection to the proposed extension. Dkt. 59.

After consideration of the record, Plaintiff's Motion is granted. The Amended Pretrial Scheduling Order (Dkt. 15, 36) is amended as follows:

(1) All discovery shall be completed by February 1, 2017.

(2) Any dispositive motion shall be filed and served on or before April 1, 2017.

The Court also notes this is Plaintiff's third request for an extension of time to complete discovery. Thus, further extensions of time to complete discovery will be granted only upon a showing of good cause.

Dated this 9th day of December, 2016.

David W. Christel
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION FOR AN
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND ON PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 5