UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES ROBINSON,<br><br>                 Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE SPECIAL COMMITMENT CENTER CHIEF MEDICAL DIRECTOR, LESLIE SZIEBERT; JOHN DOES 1-25 and JANE DOES 1-25,<br><br>                 Defendants. | CASE NO. 3:15-cv-5555-RJB-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

     THIS MATTER comes before the Court on the Report & Recommendation (R&R) of United States Magistrate Judge David W. Christel. Dkt. 89. The Court has considered the R&R, Plaintiff's Objections thereof (Dkt. 90), and the remainder of the file. The R&R should be adopted and the case dismissed.

     The findings of the R&R should be adopted in their totality. The facts need not be repeated, but the Court herein supplements the R&R with the following analysis to address the merits of Plaintiff's four objections. Dkt. 90 at 1.

<u>Objection 1: The conclusion that Defendant Sziebert had limited participation in Plaintiff's treatment that did not fall below the minimum standard of care.</u>

Plaintiff objects to this R&R finding that Defendant Sziebert had limited participation in Plaintiff's treatment, which failed to fall below the standard of minimum care, because this is a "mischaracterization [that] did not take into account the ten months it took to properly diagnose and treat the Plaintiff's bones." Dkt. 90 at 2.

It is unclear whether Plaintiff objects to the "limited participation" finding or to the finding that treatment did not fall below the minimum standard of care. Assuming Plaintiff objects to both, Plaintiff has not controverted the record relied upon for either finding. As the R&R discusses, Defendant Sziebert saw Plaintiff three times during a ten month period, during which time Plaintiff also had five visits to a physical therapist, two orthopedic consults, two x-rays, and an MRI. Dkt. 89 at 8. At all three of Plaintiff's visits with Defendant Sziebert, Defendant Sziebert evaluated Plaintiff's broken foot injury, which, in Defendant Sziebert's opinion, initially needed time to properly heal. *See* Dkt. 89 at 9, 10. This Objection lacks support in the record.

<u>Objection 2: Use of the term "sexually violent predator" to justify use of Eighth Amendment protections for prisoners and not Fourteenth Amendment protections.</u>

Plaintiff argues that the Court erred by analyzing Plaintiff's claim under the "Eighth Amendment as [a] sexually violent predator instead of as a civilly committed person as if there is some distinction between the two when it comes to what rights the Plaintiff has under the Fourteenth Amendment." Dkt. 90 at 4. Plaintiff argues that he is deserving of Fourteenth Amendment protections as a civil detainee "with all the rights that come with it." *Id*.

| | |
|---|---|
| 1 | Plaintiff's argument is erroneous, because the R&R *did*, in fact, analyze Plaintiff's claim |
| 2 | under the Eighth and Fourteenth Amendments. *See* Dkt. 89 at 5, 6. As the R&R articulates, |
| 3 | because civilly detained persons are due more considerate treatment than persons in criminal |
| 4 | confinement, the "the Eighth Amendment [analysis applicable to criminally confined persons] |
| 5 | still provides a floor for the level of protection" to civilly detained persons. *Id*. Plaintiff has not, |
| 6 | however, made a sufficient showing under either standard. Dkt. 89 at 10:18. |

Objection 3: The conclusion that Defendant Sziebert acted with deliberate indifference in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments.

After articulating the relevant law for a deliberate indifference claim, Plaintiff argues conclusorily that "[u]nder any plausible baseline, Plaintiff Robinson's condition of confinement implicate [*sic*] a protected liberty interest giving rise to procedural due process protection." Dkt. 90 at 5.

Plaintiff's argument is unavailing. *See also*, Dkt. 89 at 9, 10.

Objection 4: The conclusion that Defendant Sziebert had no supervisory responsibility as the Medical Director at the Washington State Commitment Center (SCC).

Plaintiff argues that Defendant Sziebert had supervisory responsibility because of the "SCC Medical Director's Job Description[.]" Dkt. 90 at 6, 7. Plaintiff's theory is that Defendant Sziebert acted with "deliberate indifference toward the possibility [of] deficient performance" by SCC providers whom she supervised. Dkt. 89 at 5, 6.

Even if it is assumed that Defendant Sziebert had the responsibility to supervise other providers that gave care to Plaintiff, that is nothing more than a theory of vicarious liability, which, as discussed in the R&R, is an insufficient basis for liability under §1983. Dkt. 89 at 10, citing *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

\* \* \*

1    THEREFORE, it is HEREBY ORDERED:

2    The Report and Recommendation (Dkt. 89) is ADOPTED.

3    Defendant's Motion for Summary Judgment (Dkt. 77) is GRANTED.

4    Plaintiff's Motion for Summary Judgment (Dkt. 80) is DENIED.

5    The case is DISMISSED.

6    It is so ordered.

7    The Clerk is directed to send uncertified copies of this Order to all counsel of record and
8    to any party appearing *pro se* at said party's last known address.

9    Dated this 9th day of April, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge